UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY TARRER and RAYMOND GARLAND, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PIERCE COUNTY, et al., <br><br> Defendants. | CASE NO. C10-5670BHS <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' JURY DEMAND AND AMENDING SCHEDULING ORDER |

This matter comes before the Court on Plaintiffs' motion to strike Defendants' jury demand (Dkt. 31). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants Plaintiffs' motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 17, 2011, Plaintiffs moved to strike Defendants' jury demand. Dkt. 31. On March 28, 2011, Defendants responded in opposition to the motion to strike. Dkt. 32. On March 31, 2011, Plaintiffs replied. Dkt. 35.

## II. FACTUAL BACKGROUND

On September 20, 2010, Plaintiffs filed their Complaint in this matter (Dkt. 1), which did not include a jury demand. On December 6, 2010, Defendants filed their Answer to the Complaint, which did not include a jury demand. Dkt. 26. On January 26,

ORDER - 1

2011, Defendants made their jury demand in this case. Dkt. 28. On January 27, 2011, the parties submitted their joint status report (Dkt. 29), which expressed Defendants' request for a jury trial and Plaintiffs' belief that the jury demand was untimely. The Court, in response to the joint status report set this matter to be tried to a jury. Dkt. 30 (minute order setting trial schedule).

The parties now dispute whether the jury demand was timely and, if not, whether the Court should still order a jury trial in this case. *See e.g.*, Dkt. 31 (motion to strike jury demand).

## III. DISCUSSION

### A.   Standard

Pursuant to Federal Rule of Civil Procedure 38(b), a party may demand a jury trial on any issue triable of right by a jury by serving the other parties with a written demand "no later than fourteen days after the last pleading directed to the issue is served." Fed. R. Civ. Pro. 38(b). The Seventh Amendment right to a civil jury is not absolute and may be waived if the request for a jury was not timely. *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 197 (4th Cir.), *cert. denied*, 377 U.S. 952 (1964). Nevertheless, because the right to a jury trial is fundamental, "courts must indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937). A party waives the right to a jury trial under Rule 38 unless the demand is properly served and filed. *Id*; *see also, Solis v. Los Angeles*, 514 F.3d 946, 953-54 (9th Cir. 2008); *Pradier v. Elespuru*, 641 F.2d 808, 810 (9th Cir. 1981).

If no demand for a jury trial is made, a court may, pursuant to a Rule 39(b) motion, order a jury trial on any issue for which a jury might have been demanded. Fed. R. Civ. Pro. 39(b). However, the Ninth Circuit has held that a district court's discretion under Rule 39(b) is narrow and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Zivkovic v. Southern*

*California Edison Co.*, 302 F.3d 1080, 1086-1087 (9th Cir. 2002). "An untimely request for a jury trial must be denied *unless some cause beyond mere inadvertence* is shown." *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1003 (9th Cir. 2001) (emphasis added). Legal mistake, "does not broaden the district court's narrow discretion to grant an untimely jury demand." *Pacific Fisheries Corp.* 239 F.3d at 1002 (9th Cir. 2001).

**B.      Plaintiffs' Motion to Strike Jury Demand**

Plaintiffs move to strike Defendants' jury demand on the basis that it was untimely and that no justifiable reason exists for the Court to order a jury trial in its discretion. In order to obtain a trial by jury, Defendants must establish that (1) they timely requested a jury demand or (2) that some reason other than mere inadvertence would support a discretionary Court order for trial by jury. *See* Fed. R. Civ. P. 38, 39.

Defendants argue that they timely requested the jury demand because they made the jury demand one day before the parties submitted their joint status report ("JSR"), which required the parties to inform the Court whether a jury trial was demanded. *See* Dkts. 28 (jury demand), 29 (JSR). Defendants further argue that requesting the jury demand prior to the entry of the JSR satisfied Rule 38(b) because the JSR is the last pleading directed at the issue of a jury demand. Dkt. 32.

However, Defendants' argument relies on an incorrect understanding of the rule. *See* Rule 38(b) (requiring that the jury demand be made "no later than fourteen days after the last *pleading* directed to the issue is served") (emphasis added). Rule 7(a) provides that the following documents constitute pleadings: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a cross claim; (5) a third-party complaint; (6) an answer to a third-party complaint. Absent from this list is a JSR. Indeed, other courts have held that "[t]he plain text of Rule

7(a) defines what constitutes a pleading for purposes of Rule 38." *See, e.g., Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995).

Defendants cannot claim that a jury demand was made within 14 days of the filing of the last pleading directed at the issue. Although Defendants made their jury demand on January 26, 2011 (Dkt. 28), the last pleading filed in this case that would trigger Rule 38's 14-day jury demand provision is Defendant's Answer, which they filed on December 6, 2010. Because Defendants filed an untimely jury demand, they must establish some reason other than mere inadvertence to obtain a Court ordered jury trial in its discretion under Fed. R. Civ. P. 39(b).

However, Defendants have not moved for a jury trial under Rule 39(b). Nor have Defendants provided an adequate reason for why they did not file a timely jury demand. Therefore, the Court cannot, in its discretion, order a jury trial on the record now before the Court. *See* Fed. R. Civ. P. 38, 39.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to strike Defendants' jury demand is **GRANTED** for the reasons discussed herein. The scheduling order **SHALL** be modified to set this case as a **BENCH TRIAL**.

DATED this 21st day of April, 2011.

BENJAMIN H. SETTLE
United States District Judge