UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY TARRER and RAYMOND GARLAND,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE COUNTY, et al.<br><br>　　　　　　Defendant. | CASE NO. 10cv-05670 BHS<br><br>ORDER COMPELLING DISCOVERY |

Plaintiffs initially filed a Motion to Compel Discovery on June 16, 2011 (ECF No. 41). The matters were fully briefed by both parties (ECF Nos. 41, 42 and 43). The trial court conducted a hearing regarding the motion on July 13, 2011, and named the undersigned as the Special Master for all further discovery issues (ECF No. 47). The undersigned has conducted two discovery conferences and requested additional information from plaintiffs and defendants (ECF Nos. 50, 52, 53 and 55).

A telephonic conference was conducted on August 19, 2011, during which time the parties asked for an extension of pretrial deadlines. Plaintiffs also filed a Supplemental Report and Declaration regarding issues raised during that conference (ECF Nos. 58 and 59).

Although some of the issues raised in the initial Motion to Compel have been resolved, the County has still failed to produce certain documents and answers that were the subject of the initial motion.

Therefore, the undersigned hereby GRANTS plaintiff's Motion to Compel and defendants are required to comply with this Order and produce documents and answers on the following matters:

<u>Interrogatory No. 3</u>. By no later than 5:00 p.m. on Friday, August 26, 2011, Defendant Pierce County shall identify whether and when any volunteers, contractors, or staff provided "religious counseling, ministry, education, other religious services" to Muslim men since September 2007 and is ordered to state the nature of the services provided, if any. The answer should be specific as to religious services provided to Muslim men, not any or all religious services provided to any inmate to any faith. If no religious services were provided specifically to Muslim men, or the County has no record of such services being provided, then the County should so state.

<u>Interrogatory No. 4</u>. By no later than 5:00 p.m. on Friday, August 26, 2011, Defendant Pierce County is ordered to provide information as to the beginning and end dates of services for all chaplaincy staff. It shall also provide information regarding any other jail employees who worked in or provided services in the RLU during the requested time period, including correction officers. If no services were provided or, after reasonable inquiry, the County has concluded that it has no record of such services being provided, then it should so state.

1  <u>Interrogatory No. 5</u>.  By no later than 5:00 p.m. on Friday, August 26, 2011, Defendant Pierce County is ordered to provide the requested information regarding inmates' classification levels.  Furthermore, by said date, the County is ordered to provide an unredacted copy of Document No. 000417.

<u>Interrogatory No. 6 -Chaplaincy office</u>.  By no later than 5:00 p.m. on Friday, August 26, 2011, Defendant Pierce County is ordered to provide a complete answer to this interrogatory.  If after reasonable inquiry, the County concludes that it has no record of this information, then it should so state.

<u>Interrogatory No. 13 – Steps to locate responsive information</u>.  By no later than 5:00 p.m. on Friday, September 2, 2011, Defendant Pierce County is ordered to provide a complete answer to this interrogatory, including the search method utilized by the County to respond to these discovery requests.

<u>Request for Production Nos. 1, 2, 3, 15 – Production of documents</u>.   The County is ordered to produce the documents in response to Requests for Production 1 and 2 no later than 5:00 p.m., Friday, August 26, 2011.  The County is ordered to produce the documents in response to Requests for Production 3 and 15 no later than 5:00 p.m. on Friday, September 2, 2011.

<u>Interrogatory verification</u>.  Defendant is required to provide verification to its interrogatory answers, as required by Fed. R. Civ. P. 33(b)(3).

<u>Attorneys fees</u>.  Pursuant to Fed. R. Civ. P. 37(a)(5)(A), defendant will be required to pay plaintiff's reasonable expenses incurred in making this motion, including attorneys fees.  Plaintiffs are ordered to submit their request, together with supporting affidavits no later than

5:00 p.m. on Wednesday, August 24, 2011.  Defendants are required to file any response no later than 5:00 p.m. on Friday, August 26, 2011.

Dated this 23rd day of August, 2011.

J. Richard Creatura
United States Magistrate Judge