UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY TARRER and RAYMOND GARLAND,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PIERCE COUNTY, et al.<br><br>　　　　　　Defendant. | CASE NO. 10-cv-05670 BHS<br><br>REPORT AND RECOMMENDATION ON PLAINTIFFS' APPLICATION FOR ATTORNEYS FEES AND COSTS PURSUANT TO FED. R. CIV. P. (37)(a)(5)(A)<br><br>NOTED: September 23, 2011 |

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The undersigned was designated Special Master, with the consent of the parties (ECF No. 45) and by court order (ECF No. 47).

This matter has come before the Court on Plaintiffs' Application (Motion) for Reasonable Attorneys Fees and Costs Pursuant to Fed. R. Civ. P. (37)(a)(5)(A) and the Court having reviewed the Application (ECF No. 62), the Declaration of Hank Balson (ECF No. 63) and the Declaration of Rose Spidell (ECF No. 64) and there being no response from Defendant Pierce

County on the date ordered (ECF No. 60, pg. 3-4), and having further reviewed the previous transcript and conducted telephonic conferences regarding discovery, this Court makes the following Findings of Fact and Conclusions of Law.

Plaintiffs have been required to file motions to compel discovery pursuant to Fed. R. Civ. P. 37(a)(5)(A), which provides, in part, that the court must require the party whose conduct necessitated the motion to pay reasonable expenses, including attorney's fees. The court must not order this payment if, among other things, the opposing party's nondisclosure, response, or objection was "substantially justified."

If reasonable attorney's fees are awarded, the fees are calculated by using the lodestar method (multiplying the number of hours counsel reasonably spent on the matter by a reasonable hourly rate. See, e.g., Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9 Cir. 2008).

In this case, the Court finds that Defendant Pierce County has been given several opportunities to respond fully to Plaintiffs' requests for discovery and this Court's previous order to provide responses. The County's failure to provide complete responses necessitated Plaintiffs to expend considerable time and expense. The County's inability to provide complete and timely response to these discovery requests was not substantially justified. The Rules contemplate that the Defendant should bear these expenses.

The Court finds that the hourly rates expended by counsel are reasonable and prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation. It is noted that Plaintiffs reduced their fee request by admitting time spent performing duplicative tasks. (See ECF 62, page 3, footnote 1.) Although Plaintiffs have more than one attorney, the undisputed record is that they are working cooperatively and efficiently.

Therefore, this Court recommends that Defendant Pierce County be ordered to pay Plaintiffs $12,353.00 in attorney fees and $368.69 in costs.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See</u> <u>also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. <u>See</u>, 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 23, 2011, as noted in the caption.

Dated this 30th day of August, 2011.

J. Richard Creatura
United States Magistrate Judge