UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY TARRER, et al.,

                    Plaintiffs,

        v.

PIERCE COUNTY, et al.,

                    Defendants.

CASE NO. C10-5670BHS

ORDER

This matter comes before the Court on Defendants' Rule 39 and Rule 6 Motion for Jury Trial (Dkt. 71).  The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies Defendants' motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On September 20, 2010, Plaintiffs filed their complaint in this matter, which did not include a jury demand.  Dkt. 1.  On December 6, 2010, Defendants filed their answer to the complaint, which did not include a jury demand.  Dkt. 26.  On January 26, 2011, Defendants made their jury demand in this case.  Dkt. 28.  On January 27, 2011, the

parties submitted their joint status report (Dkt. 29), which expressed Defendants' request

for a jury trial and Plaintiffs' belief that the jury demand was untimely.  The Court, in

response to the joint status report, set this matter to be tried to a jury.  Dkt. 30 (minute

order setting trial schedule).

On March 17, 2011, Plaintiffs moved to strike Defendants' jury demand. Dkt. 31.

On April 21, 2011, the Court granted Plaintiffs' motion and struck Defendants' jury

demand as untimely.  Dkt. 38.  On October 6, 2011, Defendants filed the instant motion

for jury trial under Rules 39 and 6 of the Federal Rules of Civil Procedure.  Dkt. 71.  On

October 17, 2011, Plaintiffs responded (Dkt. 72) and on October 21, 2011, Defendants

replied (Dkt. 75).

## II. DISCUSSION

### A.    Jury Demand Standard

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a party may

demand a jury trial on any issue triable of right by a jury by serving the other parties with

a written demand "no later than fourteen days after the last pleading directed to the issue

is served." Fed. R. Civ. P. 38(b).  The Seventh Amendment right to a civil jury is not

absolute and may be waived if the request for a jury was not timely. *General Tire &*

*Rubber Co. v. Watkins*, 331 F.2d 192, 197 (4th Cir.), *cert. denied*, 377 U.S. 952 (1964).

Nevertheless, because the right to a jury trial is fundamental, "courts must indulge every

reasonable presumption against waiver."  *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393

(1937).  A party waives the right to a jury trial under Rule 38 unless the demand is

properly served and filed.  *Id.*; *see also*, *Solis v. Los Angeles*, 514 F.3d 946, 953-54 (9th

1    Cir. 2008); *Pradier v. Elespuru*, 641 F.2d 808, 810 (9th Cir. 1981).  In its previous order

2    on the issue, the Court struck Defendants' jury demand as untimely under Rule 38(b).

3    *See* Dkt. 38.

4            If no demand for a jury trial is made, a court may, pursuant to a Rule 39(b)

5    motion, order a jury trial on any issue for which a jury might have been demanded.  Fed.

6    R. Civ. P. 39(b).  However, the Ninth Circuit has held that a district court's discretion

7    under Rule 39(b) is narrow and "does not permit a court to grant relief when the failure to

8    make a timely demand results from an oversight or inadvertence." *Zivkovic v. Southern*

9    *California Edison Co.,* 302 F.3d 1080, 1086-87 (9th Cir. 2002).  "An untimely request for

10   a jury trial must be denied unless some cause beyond mere inadvertence is shown."

11   *Pacific Fisheries Corp. v. HIH Cas. & General Ins.*, Ltd., 239 F.3d 1000, 1003 (9th Cir.

12   2001).  In addition, legal mistake "does not broaden the district court's narrow discretion

13   to grant an untimely jury demand." *Pacific Fisheries*, 239 F.3d at 1002 (9th Cir. 2001).

14   In *Pacific Fisheries*, the Ninth Circuit concluded that "counsel's reasons for his [or her]

15   errors are of no consequence," concluding that good faith mistakes of law and good faith

16   mistaken beliefs about what is necessary for a proper jury demand are still inadvertence

17   or oversight.  *See* 239 F.3d at 1002-1003; *see also Zivkovic*, 302 F.3d at 1087 (concluding

18   that despite the leeway given to a pro se party, a good faith mistake as to the deadline for

19   demanding a jury trial establishes no more than inadvertence, which is not a sufficient

20   basis to grant relief from an untimely jury demand).

21           In addition, under Rule 6(b) of the Federal Rules of Civil Procedure, "[w]hen an

22   act may or must be done within a specified time, the court may, for good cause, extend

1  the time . . . on motion made after the time has expired if the party failed to act because

2  of excusable neglect."  However, where counsel's inadvertence or oversight is the only

3  reason shown to excuse an untimely demand for a jury trial, there is no basis upon which

4  the Court may grant relief. *See Pac. Fisheries*, 239 F.3d at 1002 (citing *Lewis v. Time,*

5  *Inc.*, 710 F.2d 549, 556-57 (9th Cir. 1983), *overruled on other grounds by Unelko Corp.*

6  *v. Rooney*, 912 F.2d 1049, 1052-53 (9th Cir. 1990)).

7  **B.    Defendants' Motion**

8      Defendants filed their answer in this action on December 6, 2010 (Dkt. 26), and on

9  January 26, 2011, they filed an untimely jury demand (Dkt. 28).  Defendants argue that

10  the Court has discretion under Rules 39(b) and 6(b) to grant a jury trial in this action.

11  Defendants rely on the reasoning from a California case, *Johnson v. Dalton*, 57 F. Supp.

12  2d 958, 960-61 (C.D. Cal. 1999), in which the district court granted a jury trial under

13  Rule 39(b) for the following reasons:

14      First, Rule 39(b) clearly grants the Court "discretion" to choose to
    override the waiver provision of Rule 38. The Rules do not limit this
15    discretion at all.
        Second, adopting a flexible approach to Rule 39 comports with the
16    general intent behind the Federal Rules of Civil Procedure:
            Technical insistence upon imposing a penalty for failing to
17        follow the demand procedure by denying a jury trial is not in the
        spirit of the Federal Rules. The rules do not limit the court's
18        discretion in ordering a jury in cases in which there would have been
        a right to jury trial. The court ought to approach each application
19        under Rule 39(b) with an open mind and an eye to the factual
        situation in that particular case, rather than with a fixed policy
20        against granting the application or even a preconceived notion that
        applications of this kind usually are to be denied.
21    9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL
    PRACTICE & PROCEDURE: CIVIL 2D § 2334 (footnotes omitted).
22

1
2

       Third, although Ninth Circuit cases suggest more narrow discretion to grant untimely motions for jury trial, the case law in general upholds the discretion of the trial court.

3
4

       Fourth, the Constitution guarantees a right to a jury trial. While the waiver provisions raise no constitutional infirmity, it is more in keeping with the spirit of the important right at issue to allow a trial judge to reinstate the jury trial.

5

       Fifth, a narrow reading of Rule 39(b) would in this case allow a mistake by counsel to harm the client.

6

       Sixth, the jury demand, while untimely, does not prejudice defendant. The jury demand was made only a few months late. Trial is still many months away. Defendant does not and could not claim prejudice.

7
8
9

       Seventh, the right to trial by jury is especially important in this particular case. In a case such as this one which involves serious allegations of racial and sexual harassment and discrimination, the collective wisdom of the community should act as a constant guide. When facing such volatile issues, the input of the jury can increase the legitimacy and integrity of the court system.

10

57 F. Supp. 2d at 961.

11
12
13

       In *Johnson*, it appears that the district court analyzed the totality of the circumstances, along with the text of Rule 39(b), to conclude that it had discretion to grant a jury demand.  However, here, the Court concludes that Defendants have not met

14
15

the strict requirements laid out by Ninth Circuit case law to show that under Rules 39(b) or 6(b), they are entitled to relief from their untimely jury demand.  Defendants have not

16
17

shown excusable neglect, or anything beyond oversight and inadvertence, in failing to make a timely jury demand.  *See Zivkovic*, 302 F.3d at 1086-87; *Pacific Fisheries*, 239

18
19

F.3d at 1003; *see also Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 905 (9th Cir. 1982) (finding that attorney's mistaken belief that no demand was necessary was nothing

20
21

more than inadvertence and neglect).  Therefore, under Ninth Circuit law, their motion must be denied.

22

1    In addition to seeking a jury trial, Defendants argue, in the alternative, that the

2 Court should try the case with an advisory jury under Rule 39(c).  The Court declines to

3 exercise its discretion to use an advisory jury in trying this case.

4             **III. ORDER**

5    Therefore, it is hereby **ORDERED** that Defendants' Rule 39 and Rule 6 Motion

6 for Jury Trial (Dkt. 71) is **DENIED**.

7    Dated this 22nd day of November, 2011.

8

9

           BENJAMIN H. SETTLE

10          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 6